

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:18CR10

CHARLENE SAFFORE CANNON,

    Petitioner.

### MEMORANDUM OPINION

Charlene Saffore Cannon, a federal inmate proceeding pro se, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion, ECF No. 90) to vacate, set aside, or correct her sentence. In her § 2255 Motion, Cannon raises four grounds for relief:[1]

| | |
|---|---|
| Claim One: | "Attorney was ineffective for failing to file the appeal as [Cannon] requested." (Id. at 4.) |
| Claim Two: | "[A]ttorney was ineffective for failing to raise all [of] [Cannon's] [18 U.S.C. §] 3553(a) factors." (Id. at 5.) |
| Claim Three: | "[A]ttorney was ineffective for failing to argue the correct intended loss for [Cannon]." (Id. at 7.) |
| Claim Four: | "[A]ttorney [wa]s ineffective for failing to argue for a concurrent sentence for defendant's two counts." (Id. at 8.) |

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from Cannon's submissions.

The Government has filed a response. (ECF No. 110.) Cannon has filed a reply. (ECF No. 115.) For the reasons stated below, the § 2255 Motion (ECF No. 90) will be denied.

## I. PROCEDURAL HISTORY

On January 23, 2018, Cannon was indicted on one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1343 & 1349 (Count One), five counts of Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Six), and five counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts Seven through Eleven). (ECF No. 5, at 1-5.) The Indictment alleged that Cannon and her co-conspirators had stolen the identities of five individuals. (Id. at 4-5.)

On May 14, 2018, Cannon pled guilty to Count Five and Count Ten. (ECF No. 46 ¶ 1.) The individual identified as E.B. was the victim in both Counts Five and Ten. (ECF No. 5, at 4-5.)

As part of the Plea Agreement, the Government agreed to drop the remaining nine charges against Cannon. (ECF No. 46 ¶ 10.) However, Cannon and the Government agreed that restitution was mandatory and that they would enter "a Restitution Order for the full amount of the victims' losses." (Id. ¶ 8.) The parties further agreed that "victims of the conduct described in the

charging instrument, statement of facts or any related or similar conduct shall be entitled to restitution." (Id.)

On September 6, 2018, the parties filed a Restitution Order with the Court. (ECF No. 72.) Among other things, the parties agreed that Cannon and her co-defendant would be jointly and severally liable for restitution in the amount of $99,782. (Id. at 1.) Cannon signed the agreed-upon order under the caption "SEEN AND AGREED." (Id. at 2.)

On September 10, 2018, the Court sentenced Cannon to twelve months of incarceration for the wire fraud conviction in Count Five and twenty-four months of incarceration for the aggravated identity theft conviction in Count Ten. (ECF No. 75, at 2.) The sentences were run consecutively for a total of thirty-six months of incarceration. (Id.) Three (3) years of Supervised Release were to follow. Cannon was ordered to pay $99,783 in restitution, as provided in the September 6, 2018 Restitution Order (ECF No. 72). (Id. at 5.)

Cannon did not appeal. On September 16, 2019, the Court received the § 2255 Motion that is presently pending.

## II. FAILURE TO COMPLY WITH ORDERS OF THE COURT

Claim One alleges that Cannon's counsel failed to file an appeal. Of course, an attorney's failure to file a requested

3

appeal is per se ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 483-86 (2000).[2] However, Cannon's § 2255 Motion is devoid of any specific factual allegations supporting the allegation respecting the failure to file the appeal that constitutes Claim One. Indeed, Cannon has provided the Court with little more than the legal standard for an ineffective assistance claim.

Accordingly, by Memorandum Order entered on May 13, 2021, the Court directed Cannon to file the following submissions, within thirty (30) days of the entry thereof:

1. Copies of any records or correspondence which supports her assertion that she conveyed to counsel her desire to file an appeal.

2. A statement reciting any communications Cannon had with counsel concerning Cannon's instructions to counsel regarding an appeal. The statement must include a verbatim account of what Cannon said to her attorney and the exact responses from her attorney. The statement must recite the date and locations of any conversations that took place. Additionally, Cannon must identify what efforts she made to ascertain whether her attorney had filed an appeal. Cannon must explain when and why she first suspected that counsel had not filed an appeal. Such statement must be in affidavit form and/or sworn under penalty of perjury.

---

[2] The United States Court of Appeals for the Fourth Circuit has explained that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

4

(ECF No. 178, at 2.) At that time, Cannon was warned that failure to comply with those directives would result in the summary dismissal of the action with respect to Claim One. (Id.)

Cannon has not responded to those directives or otherwise communicate with the Court about Claim One.³ Accordingly, Claim One will be dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689).

---

³ On November 8, 2021, the United States Postal Service returned an August 18, 2021 Memorandum Order that the Court had mailed to Cannon at her last known address as "NOT DELIVERABLE" and "UNABLE TO FORWARD." (ECF No. 180, at 1.) The envelope had also been stamped "INMATE NOT AT THIS FACILITY." (Id.) According to the Bureau of Prisons ("BOP"), Cannon was released from custody on June 9, 2021. The BOP's "Inmate Locator" system is available at: https://www.bop.gov/inmateloc/. Type "Charlene" in the First Name field and "Cannon" in the Last Name field and click "search." (Last visited August 24, 2022.) Cannon is on Supervised Release so the petition is still cognizable.

5

The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of Strickland to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Mere assertions by the movant, however, that he would not have pled guilty if he had received different advice from counsel are not dispositive of this issue. See United States v. Mora-Gomez, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (citations omitted). The Court must look to all the facts and circumstances surrounding a petitioner's plea, including

the likelihood of conviction and any possible sentencing benefit to pleading guilty. See id. at 369-70.

### A. Claim Two

In Claim Two, Cannon maintains that counsel "was ineffective for failing to raise all [of] [her] [18 U.S.C. §] 3553(a) factors." (ECF No. 90, at 5.) On August 23, 2018, counsel filed Cannon's POSITION WITH RESPECT TO SENTENCING FACTORS. (ECF No. 58.) This document is replete with arguments related to § 3553(a) and the various sentencing factors contained therein. (Id. at 1-3.) In a section specifically addressing § 3553(a)(1), counsel addressed the nature and circumstances of the offense, as well as the history and characteristics of Cannon. (Id. at 2.) Among other things, counsel argued for a downward departure based on Cannon's traumatic childhood and her many physical ailments. (Id.)

In a subsequent section, addressing § 3553(a)(2)(A),(B)&(C), counsel addressed the need for the sentence to reflect the serious nature of the offense, to afford adequate deterrence and to protect the public from future crimes committed by Cannon. (Id.) Although counsel acknowledged the seriousness of Cannon's crimes and discussed the mandatory minimum sentence that she was facing for her aggravated identify theft conviction, he suggested to the Court that her unique personal struggles obviated the need for a severe punishment. (Id.) And, while counsel did not specifically mention

7

§ 3553(a)(2)(D) in this section, it is clear from his multiple arguments concerning Cannon's various health ailments that he was advocating for the Court to fashion a sentence that provided for, among other things, Cannon's medical care. (Id.)

In another section specifically aimed at 18 U.S.C. § 3553(a)(3),(4)&(6), counsel addressed the kinds of sentences available, the applicable sentencing range, and the need to avoid unwarranted sentencing disparities. (Id.) Counsel further addressed the need to pay restitution, which is covered by 18 U.S.C. § 3553(a)(7), when he objected to the amount of restitution contained in the Pre-Sentence Report ("PSR") and suggested that lower alternatives should be imposed. (Id. at 1.) In addressing the § 3553(a) factors, counsel repeatedly urged the Court to consider Cannon's unique personal circumstances and exercise its discretion in fashioning an appropriate sentence. (Id. at 1-3.)

18 U.S.C. § 3553(a) contains seven sections. See 18 U.S.C. § 3553(a)(1)-(7). With the exception of 18 U.S.C. § 3553(a)(5), which deals with "any pertinent policy statement issue by the Sentencing Commission," see 18 U.S.C. § 3553(a)(5)(A)-(B), counsel clearly made arguments that, in one way or another, addressed the remaining six sections, as well as the majority of their respective subsections. What is more, the record is clear that counsel

addressed and offered appropriate arguments addressed to the relevant factors under § 3553(a), given the contours of this case.

Cannon fails to identify the precise § 3553(a) factor that she maintains counsel failed to argue, much less state how it would have been relevant at sentencing. So, this claim fails for that reason alone.

Cannon seems to take the view that counsel should have anticipated, and addressed, the medical treatment that Cannon ultimately ended up receiving while she was incarcerated at FMC Carswell which, in Cannon's view, was not sufficient. (See ECF No. 90-1, at 5). That argument fails.

Counsel had no idea where Cannon might ultimately be sent to serve her sentence. And, even if he did have some inkling that Cannon might be sent to FMC Carswell, he had no way of knowing what kind of medical treatment she might eventually receive when she got there. While it is clear that counsel argued repeatedly for the Court to take into account Cannon's medical conditions in fashioning a sentence, there was simply nothing that he could do about the treatment afforded by the facility to which she ultimately was sent, or the care provided there.

In any event, Cannon fails to articulate, and the Court fails to discern, how exactly counsel was deficient in this regard. See United States v. Roane, 378 F.3d 382, 400 (4th Cir. 2004)

9

(explaining that "[a]iry generalities" and "conclusory assertions . . . [do] not suffice to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing" (alterations in original) (some quotation marks omitted) (citation omitted)).

Because Cannon has failed to demonstrate that counsel was deficient, much less that she suffered any prejudice, Claim Two will be dismissed.

### B. Claim Three

In Claim Three, Cannon posits that counsel "was ineffective for failing to argue the correct intended loss for [her]." (ECF No. 90, at 7.) She maintains that counsel should have argued that the loss attributable to her was $6,393. (ECF No. 90-1, at 2-3.) Cannon's argument is based on at least one faulty premise.

Counsel did successfully contest the amount of loss at issue. The initial PSR found that Cannon was responsible for $169,227. (ECF No. 52 ¶ 13.) Counsel objected to this figure and argued that the appropriate amount should be $6,393. (ECF No. 58, at 1.) However, presumably recognizing that the Court would likely not conclude that such a low figure was appropriate were the matter to be contested, counsel negotiated with the Government, and the parties agreed to reduce the amount specified in the PSR to $99,782. (ECF No. 67 ¶ 13; ECF No. 110-1, at 1.)

Counsel's advice that Cannon should reach a compromise with the Government on this point, rather than litigate the matter, represents a tactical decision and there is "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch, 273 F.3d at 588 (quoting Strickland, 466 U.S. at 689). Cannon's vague and conclusory claim that counsel should have argued for a lower figure does not overcome this presumption. Roane, 378 F.3d at 400.

Moreover, Cannon fails to address counsel's sworn statement that she agreed to the $99,782 figure that he negotiated with the Government, so that she could avoid the risk of litigating the matter before the Court. Nor does she address the fact that, if she had litigated the matter, she could have been found responsible for a higher amount, which could have increased her advisory guidelines.

Nor has Cannon offered any factual support suggesting that she had any chance whatsoever of proving that that the loss attributable to her was a mere $6,393, were she required to litigate the matter. Finally, Cannon signed the Restitution Order providing that she was responsible in the amount adjudged: $99,782. On this record, her argument on this point is frivolous.

11

In any event, Cannon has failed to demonstrate that counsel was deficient, much less that she suffered any prejudice. Accordingly, Claim Three will be dismissed.

**C. Claim Four**

In Claim Four, Cannon argues that counsel was "ineffective for failing to argue for a concurrent sentence" for Counts Five and Ten. (ECF No. 90, at 8.) Claim Four is based on a fundamental misunderstanding of the law.

In Claim Ten, Cannon was convicted of a violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 75.) That statute specifies, by its own terms, that convictions under § 1028A cannot be run concurrently with any other sentences, except, another conviction under § 1028A. See 18 U.S.C. § 1028A(b)(2)&(4). Because Count Five was a conviction for Wire Fraud, in violation of 18 U.S.C. § 1343, and not a second conviction under § 1028A, the Court could not run the two sentences concurrently. Cannon fails to explain, and the Court fails to discern how counsel could be deficient for failing to make such a frivolous argument.

Because Cannon has failed to demonstrate that counsel was deficient, much less that she suffered prejudice, Claim Four will be dismissed.[4]

---

[4] To the extent that any part of Claims Two, Three or Four could be construed as a direct challenge to Court's application of

12

## IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion (ECF No. 90) will be denied with prejudice and without leave to amend. A certificate of appealability will be denied.[5] The action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Cannon and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 20, 2022

---

the advisory sentencing guidelines in this matter, it should be noted that such a claim is not cognizable in the context of a § 2255 proceeding barring extraordinary circumstances, which Cannon has failed to demonstrate exist here. United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (citations omitted).

[5] An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Cannon has not met this standard. Thus, a certificate of appealability will be denied.